UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHN BASS,<br>        Plaintiff<br><br>v.<br><br>THE VANGUARD GROUP, INC.,<br>        Defendant | CIVIL ACTION<br><br>NO. 10-835<br><br>SECTION "L"<br>JUDGE FALLON<br><br>MAG. DIV. (2)<br>JUDGE WILKINSON |

**DEFENDANT THE VANGUARD GROUP, INC.'S**
**ANSWER AND AFFIRMATIVE DEFENSES**

**NOW INTO COURT**, through undersigned counsel, comes Defendant, The Vanguard Group, Inc. (hereinafter referred to as "Vanguard"), and files the following Answer and Affirmative Defenses in response to the allegations contained in the Complaint filed by Plaintiff, John Bass (hereinafter referred to as "Plaintiff"). Vanguard denies each and every allegation contained in the Complaint, except those which are hereinafter expressly admitted, and further represents that:

**AFFIRMATIVE DEFENSES**

Vanguard states the following defenses to the causes of action asserted in the Complaint without assuming the burden of proof where such a burden is otherwise on Plaintiffs pursuant to applicable substantive procedural law. As a result, Vanguard reserves the right to assert additional defenses as discovery proceeds in this matter.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against Vanguard upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Vanguard affirmatively avers that Plaintiff's claims relate to an employee pension benefit plan within the meaning of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1001 *et seq.,* and that all of Plaintiff's state law claims are therefore entirely preempted by ERISA.

## THIRD AFFIRMATIVE DEFENSE

Vanguard affirmatively pleads the defenses of payment, waiver, ratification, accord and satisfaction, and equitable estoppel.

## FOURTH AFFIRMATIVE DEFENSE

Vanguard affirmatively avers that it has complied with all of its statutory obligations under any applicable federal or state law, including but not limited to, ERISA.

## FIFTH AFFIRMATIVE DEFENSE

Vanguard affirmatively avers that Plaintiff's ERISA plan and Plaintiff's investment instructions thereunder are intended to comply with ERISA Section 404(c), 29 U.S.C. §1104(c) and, as such, Plaintiff is necessarily and solely liable for any loss resulting from his investment instructions.

## SIXTH AFFIRMATIVE DEFENSE

Vanguard affirmatively avers that it is neither the sponsor nor administrator nor other fiduciary of Plaintiff's ERISA plan and that it cannot be liable to Plaintiff on account of a fiduciary breach or other administrative action.

### SEVENTH AFFIRMATIVE DEFENSE

Vanguard affirmatively avers that Plaintiff's claims are no more than claims for additional benefits under his ERISA plan, which are necessarily premature because Plaintiff has failed to exhaust his intra-plan administrative remedies.

### EIGHTH AFFIRMATIVE DEFENSE

Vanguard affirmatively avers that Plaintiff was not misled by any statement, action or conduct of Defendant; Defendant, in fact, disclosed to Plaintiff all information pertinent and relevant to the implementation of Plaintiff's investment instructions.

### NINTH AFFIRMATIVE DEFENSE

Vanguard affirmatively avers that it has neither entered into a contract with Plaintiff nor a contract for the benefit of Plaintiff and, accordingly, that Vanguard has no contractual obligations to Plaintiff and cannot be liable for the breach of such non-existent obligations.

### TENTH AFFIRMATIVE DEFENSE

Vanguard affirmatively avers that it acted in good faith in all of its dealings with Plaintiff.

### ELEVENTH AFFIRMATIVE DEFENSE

Vanguard affirmatively avers that Plaintiff's ERISA plan benefits were never improperly miscalculated, valued or reduced by any action of Defendant.

### TWELFTH AFFIRMATIVE DEFENSE

Vanguard affirmatively avers that Plaintiff has not sustained any damages because he has received the benefits to which he is entitled.

### THIRTEENTH AFFIRMATIVE DEFENSE

Vanguard affirmatively avers that Plaintiff is not entitled to recover from Vanguard any legal, equitable, declaratory or monetary relief and/or attorney's fees.

## FOURTEENTH AFFIRMATIVE DEFENSE

Vanguard reserves the right to assert further affirmative defenses as they become evident through discovery or further investigation.

**AND NOW,** further answering the specific enumerated allegations in the Complaint, Vanguard avers as follows:

1.

Denied. Vanguard states that it lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 1, and on that basis denies those allegations.

2.

Denied. Vanguard specifically denies that it is a "foreign brokerage house" or that it is the "Plan administrator of the Cytec Plan." By way of further answer, Vanguard states that "Vanguard Participant Services" is neither a named party to this lawsuit, nor is it a legal entity capable of being sued. In addition, Vanguard states that The Vanguard Group, Inc. only provides record-keeping services to the Cytec Employees' Savings Plan (the "Plan").

3.

Denied. The allegations contained in Paragraph 3 of the Complaint constitute legal conclusions which require no response on behalf of Vanguard; however, to the extent a response is required, said allegations are denied.

4.

Denied. The allegations contained in Paragraph 4 of the Complaint constitute legal conclusions which require no response on behalf of Vanguard; however, to the extent a response is required, the allegations are denied. By way of further answer, Vanguard states that The Vanguard Group, Inc. provides only record-keeping services to the Plan.

5.

Admitted in part, denied in part.  Vanguard admits that its records show on April 16, 2009, Plaintiff requested a sale of the Cytec Industries, Inc. company stock held in his participant account in the ERISA plan, and that Vanguard generated and sent to Plaintiff a Confirmation of Exchange.  All remaining allegations of Paragraph 5 are denied as stated.

6.

Denied.  The allegations contained in Paragraph 6 of the Complaint constitute legal conclusions which require no response on behalf of Vanguard; however, to the extent a response is required, said allegations are denied.  Moreover, Vanguard asserts that Plaintiff's detrimental reliance claim is a state law claim that is entirely preempted by ERISA**.**

7.

Denied.  The allegations contained in Paragraph 7 of the Complaint constitute legal conclusions which require no response on behalf of Vanguard; however, to the extent a response is required, said allegations are denied.  Moreover, Vanguard asserts that Plaintiff's negligence and intentional misrepresentation claims are entirely preempted by  ERISA.

8.

Denied.  The allegations contained in Paragraph 3 of the Complaint constitute legal conclusions which require no response on behalf of Vanguard; however, to the extent a response is required, said allegations are denied.  By way of further answer, Vanguard expressly denies that it failed to properly execute Plaintiff's trading instructions.  Moreover, any claim Plaintiff may possess under state laws related to contract or fiduciary breach is entirely preempted by ERISA.

9.

Denied. The allegations contained in Paragraph 9 of the Complaint constitute legal conclusions which require no response on behalf of Vanguard; however, to the extent a response is required, said allegations are denied as stated  Moreover, Vanguard asserts that Plaintiff's negligence claims are entirely preempted by ERISA.

10.

Denied. The allegations contained in Paragraph 10 of the Complaint constitute legal conclusions which require no response on behalf of Vanguard; however, to the extent a response is required, said allegations are denied as stated.

11.

Vanguard denies each and every allegation that is not specifically admitted in paragraphs 1-10 above.

WHEREFORE, the foregoing premises considered, Vanguard prays that its Answer and Affirmative Defenses be deemed good and sufficient, that its defenses be maintained, and that after due proceedings had, that there be Judgment rendered herein in favor of Defendant, The Vanguard Group, Inc, and against Plaintiff, John Bass, dismissing with prejudice Plaintiff's action at Plaintiff's costs. Vanguard also requests that it be awarded court costs, attorneys' fees, and any other relief this Court may deem just and appropriate.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY: ____*/s/ M. Nan Alessandra*____
M. NAN ALESSANDRA, T.A. (#16783)
JANE E. ARMSTRONG (#02553)
MARYJO L. ROBERTS (#30692)
Canal Place
365 Canal Street • Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Telecopier: (504) 568-9130

**ATTORNEYS FOR DEFENDANT,
THE VANGUARD GROUP, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of June, 2010, I electronically filed the foregoing Answer and Affirmative Defenses with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

_____*/s/ M. Nan Alessandra*_____